## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY LEON | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 10-CV-4939 |
| | ) | Judge Marovich and |
| JACOBSON TRANSPORTATION COMPANY INC. | ) | Magistrate Judge Brown |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, Jacobson Warehouse Company, Inc., incorrectly identified as "Jacobson Transportation Company Inc.", by and through its attorneys, Krukowski & Costello, S.C., and as and for its Answer and Affirmative Defenses admits, denies, and alleges as follows:

1. Answering paragraph 1, the Defendant admits that the Complaint alleges a claim of employment discrimination, but denies any discrimination occurred.

2. Answering paragraph 2, the Defendant admits that Anthony R. Leon is the Plaintiff, but alleges a lack of knowledge or information sufficient to form a belief as to the truth of any further allegations in the paragraph.

3. Answering paragraph 3, the Defendant admits but notes the correct legal name of the proper Defendant is Jacobson Warehouse Company, Inc.

4. Answering paragraph 4, the Defendant admits that the Plaintiff was employed by the Defendant at said address.

5. Answering paragraph 5, the Defendant admits that the Plaintiff was once employed but is no longer employed by the Defendant.

6. Answering paragraph 6, the Defendant denies the allegations.

7.1 (a) Answering paragraph 7.1(a), the Defendant admits that the Plaintiff filed a charge with the United States Equal Opportunity Commission and the Illinois Department of Human Rights on or about November 16, 2007, but denies all acts of alleged discrimination in this Complaint were indicated in the Administrative Charge.

7.1(b) Answering paragraph 7.1(b), the Defendant admits that the copy of the charge is attached to the Complaint.

8. Answering paragraph 8, the Defendant admits the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue, but alleges a lack of knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in the paragraph.

9. Answering paragraph 9, the Defendant admits that the Plaintiff alleges that he was discriminated against based on race, but denies that any unlawful discrimination occurred.

10. Answering paragraph 10, the Defendant denies the allegations contained therein.

11. Answering paragraph 11, the Defendant admits that jurisdiction for this claim is conferred by 28 U.S.C. § 1331.

12. Answering paragraph 12, the Defendant admits that it did terminate the Plaintiff's employment, but not for unlawful reasons, and further Defendant denies that it failed to stop any alleged harassment; denies that it retaliated against the Plaintiff because the Plaintiff did something to assert rights protected by the laws; and denies that it treated similarly situated employees who are not in the Plaintiff's protected group more favorably.

13. Answering paragraph 13 and its seven sub-parts:

Answering sub-part 1. of paragraph 13, the Defendant denies the allegations contained therein.

Answering sub-part 2. of paragraph 13, the Defendant denies the allegations contained therein.

Answering sub-part 3. of paragraph 13, the Defendant denies the allegations contained therein.

Answering sub-part 4. of paragraph 13, the Defendant denies the allegations contained therein.

Answering sub-part 5. of paragraph 13, the Defendant denies the allegations contained therein.

Answering sub-part 6. of paragraph 13, the Defendant denies the allegations contained therein.

Answering sub-part 7. of paragraph 13, the Defendant denies the allegations contained therein.

14. Answering paragraph 14, the Defendant denies the allegations contained therein.

15. Answering paragraph 15, the Defendant admits that the Plaintiff is entitled to a jury trial on his legal claims, but denies that he is entitled to a jury trial for any equitable claims or remedies.

16. Answering paragraph 16, the Defendant denies that the Plaintiff is entitled to any of the relief contained therein.

## GENERAL DENIAL

The Defendant also denies each and every allegation of the Complaint not specifically admitted or denied above.

## AFFIRMATIVE DEFENSES

1. The Plaintiff fails to state a claim upon which relief can be granted.

2. To the extent that the Plaintiff has failed to mitigate his damages, he is barred from recovering from the Defendant.

3. To the extent that the Defendant discovers during the course of this action that the Plaintiff engaged in any conduct which would have warranted the same decisions with respect to his employment by the Defendant, the Plaintiff's right to recover damages beyond the date of discovery will be barred.

4. The Defendant's decisions with respect to the Plaintiff's employment were done for legitimate, non-discriminatory reasons, and its decisions were undertaken based on good faith beliefs.

5. The Defendant denies that it acted with malice or reckless indifference to the rights of the Plaintiff.

6. Any compensatory or punitive damages under Title VII are limited to the amounts authorized by 42 U.S.C. § 1981a(b)(1).

7. To the extent that any of the Plaintiff's claims under Title VII were not subject to a charge of discrimination timely and properly filed with the United States Equal Employment Opportunity Commission, those claims are barred for failure to exhaust administrative remedies.

8. To the extent that any of the allegations in the Plaintiff's Complaint are outside the applicable statute of limitations, those claims are barred.

9. Although the Defendant denies that the Plaintiff was exposed to a hostile work environment, the Defendant asserts that it exercised reasonable care to prevent and promptly correct any harassing behavior, and that the Plaintiff has unreasonably failed to take advantage of any preventative or corrective opportunity provided by the Defendant or to avoid harm otherwise, and therefore, the Plaintiff is barred from recovering from the Defendant.

10. To the extent that Plaintiff is unable to prove that the Defendant knew or should have known of the alleged unlawful harassment, the Plaintiff is barred from recovering from the Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Respondent respectfully requests that the Court:

1. Dismiss the Complaint with prejudice and on the merits;

2. Award the Defendant the costs and attorney fees incurred in this action; and

3. Grant the Defendant such other relief as the Court deems just and proper.

Dated at Milwaukee, Wisconsin, this 16th day of September, 2010.

KRUKOWSKI & COSTELLO, S.C.

s/ Timothy G. Costello
Timothy G. Costello
*Bar No. 90785890*
Brian M. Radloff
*Bar No. 1035980*
7111 West Edgerton Avenue
Milwaukee, WI 53220
Telephone: (414) 423-1330
Facsimile: (414) 423-8755
E-Mail: tgc@kclegal.com
E-Mail: bmr@kclegal.com
ATTORNEYS FOR DEFENDANT JACOBSON WAREOUSE COMPANY, INC., incorrectly identified as JACOBSON TRANSPORTATION COMPANY INC.

135448-2001027/16