Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4939 | **DATE** | 11/19/2010 |
| **CASE TITLE** | Leon v. Jacobson Transportation Co., Inc. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion [16] to strike affirmative defenses is granted in part and denied in part. The Court strikes affirmative defenses four and five.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

  Plaintiff Anthony Leon ("Leon") moves to strike nine of defendant's ten affirmative defenses to plaintiff's employment discrimination complaint. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The reason motions to strike are disfavored is because they are not always a good use of the time it takes to file and rule upon them. Often, that which a party wants stricken is harmless and can easily be ignored.

  Plaintiff's primary argument is that defendant has failed to plead sufficient facts to make the affirmative defenses plausible. Under the notice-pleading requirements, a complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). To survive a motion to dismiss, a claim must be plausible. *Iqbal*, 129 S.Ct. at 1950. Plaintiff argues that affirmative defenses, like claims in complaints, must include enough factual allegations to make them plausible.

  The Court disagrees. Plaintiff has not cited (and the Court has not found) a single Seventh Circuit case that extends *Twombly* and *Iqbal* to affirmative defenses. Although the Court is aware that district courts have done so (*see Pavlik v. FDIC*, Case NO. 10 C 816, 2010 WL 3937621 (N.D. Ill. Oct. 5, 2010), this Court respectfully disagrees with the proposition that a defendant must include sufficient factual allegations in affirmative defenses to make them plausible. First, the driving force behind *Twombly* and *Iqbal* was to make it more difficult to use a bare-bones complaint to open the gates to expensive discovery and force an

extortionate settlement. The point was to reduce nuisance suits filed solely to obtain a nuisance settlement. The Court, though, has never once lost sleep worrying about defendants filing nuisance affirmative defenses and considers the risk that defendants would file nuisance defenses sufficiently small so as not to warrant extending *Twombly* and *Iqbal*. Second, a plaintiff has the length of the statute of limitations to investigate claims and ensure that it has sufficient facts to state a plausible claim. A defendant, on the other hand, has only twenty days to file an answer. Third, the Court would like to avoid having to rule on multiple motions to amend the answer during the course of discovery as the defendant obtains additional information that would support those affirmative defenses (such as mitigation of damages) that defendant has no practical way of investigating before discovery. The Court would also like to avoid the discovery disputes that would inevitably develop as a defendant seeks discovery related to affirmative defenses it had not stated in its answer. It is to everyone's benefit to have defendant plead its affirmative defenses early, even if defendant does not have detailed facts. Thus, the Court will not strike any affirmative defenses for not having enough detail or for being speculative.

Plaintiff moves to strike affirmative defense number one, in which defendant notes that plaintiff fails to state a claim. The Court agrees that this is not, technically, an affirmative defense. Still, as defendant points out, this language is specifically listed in Form 30, and Rule 84 explicitly states that the Forms "suffice" under the rules. Thus, the Court will not strike affirmative defense number one.

Next, plaintiff moves to strike affirmative defense number six (that damages are capped under 42 U.S.C. § 1981a(b)(3)) on the grounds that it is not an affirmative defense. The Court agrees, but the Court also understands why defendant would plead this as an affirmative defense, since courts have occasionally suggested that it might be one. Accordingly, the Court will not strike affirmative defense number six.

Plaintiff moves to strike affirmative defenses four (that defendant has a legitimate, non-discriminatory reason for its employment actions) and five (that defendant did not act with malice or reckless indifference to plaintiff's rights) on the grounds that these are not true affirmative defenses. The Court agrees that these are not affirmative defenses. Accordingly, the Court strikes affirmative defenses four and five.