**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY LEON | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 10-CV-4939 |
| | ) | Judge Marovich and |
| JACOBSON TRANSPORTATION COMPANY INC. | ) | Magistrate Judge Brown |
| | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Dated this 27th day of February, 2012.

                                           KRUKOWSKI & COSTELLO, S.C.
                                               Timothy G. Costello
                                               *Bar No. 90785890*
                                               Brian M. Radloff
                                               *Bar No. 1035980*
                                               1243 N. 10th St., Suite 250
                                               Milwaukee, WI  53205
                                               Telephone: (414) 988-8400
                                               Facsimile:  (414) 988-8402

                                               and

                                               LOCAL COUNSEL
                                               Attorney Jacob H. Karaca
                                               *Bar No. 6280319*
                                               KLEIN THORPE and JENKINS, LTD.
                                               20 N. Wacker Drive, Suite 1660
                                               Chicago, IL  60606
                                               Telephone: 312-984-6400

                                               ATTORNEYS FOR DEFENDANT,
                                               JACOBSON WAREHOUSE COMPANY,
                                               INC., incorrectly identified as
                                               JACOBSON TRANSPORTATION
                                               COMPANY INC.

TABLE OF CONTENTS

PAGE

I. INTRODUCTION ...........................................................................................................1

II. SUMMARY OF THE ARGUMENT ....................................................................................1

    A. Disparate Treatment........................................................................................1

    B. Retaliation. ......................................................................................................2

III. ARGUMENT ..................................................................................................................3

    A. Mr. Leon Cannot Establish A Convincing Mosaic Under The Direct Method. ............................................................................................................3

    B. Mr. Leon Cannot Establish A Prima Facie Case Of Discrimination Under The Indirect Method. .......................................................................................5

        1. No materially adverse employment action ..................................................5

        2. No similarly situated element. ......................................................................7

        3. No Pretext .....................................................................................................9

    C. Mr. Leon's Claim Of Retaliation Likewise Fails As A Matter Of Law .................9

        1. No protected activity...................................................................................10

        2. No causal connection .................................................................................10

            a. *May 16, 2007, Complaint Letters* .........................................................10

            b. *April 4, 2007, Complaint Letter*............................................................11

        3. No pretext...................................................................................................11

    D. Mr. Leon Has No Actionable Harassment Claim. ...............................................12

IV. CONCLUSION...............................................................................................................14

TABLE OF AUTHORITIES

PAGE

**Cases**

*Alexander v. Wisconsin Department of Health and Family Services*,
263 F.3d 673 (7th Cir. 2001) .................................................................................. 2-3, 10, 11

*Argyropoulos v. City of Alton*, 539 F.3d 724 (7th Cir. 2008) ......................................3, 7, 9, 11

*Bonte v. U.S. Bank, NA*, 624 F.3d 461 (7th Cir. 2010) ........................................................12

*Beard v. Whitley County REMC*, 840 F.2d 405 (7th Cir. 1988) ............................................1

*Burkes v. WI Dep't of Trans.*, 464 F.3d 744 (7th Cir. 2006) .............................................2, 5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .....................................................................1

*Coffman v. Indianapolis Fire Dep't.*, 578 F.3d 559 (7th Cir. 2009)................................... 3, 4

*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) ........................................................13

*Geldon v. S. Milwaukee School Dist.*, 414 F.3d 817 (7th Cir. 2005)..................................3, 12

*Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134 (7th Cir. 1997)..............................................10

*Grube v. Lau Industries, Inc.*, 257 F.3d 723 (7th Cir. 2001) .................................................6

*Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487 (7th Cir. 2007) ...................................4, 5

*Herron v. DaimlerChrysler Corp.*, 388 F.3d 293 (7th Cir. 2004) ......................................7, 13

*Herrnreiter v. Chicago Housing Authority*, 315 F.3d 742 (7th Cir. 2002).............................6

*Humphries v. CBOCS W., Inc.*, 474 F.3d 367 (7th Cir. 2007)...............................................7

*Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369 (2004) .............................................6, 12

*Koski v. Standex Int'l Corp.*, 307 F.3d 672 (7th Cir. 2002)...................................................1

*Kreischer v. Fox Hills Golf Resort and Conf.*, 384 F.3d 912 (7th Cir. 2004)...............2, 7, 8

*Millbrook v. IBP, Inc.*, 280 F.3d 1169 (7th Cir. 2002) .....................................................9, 11

*Minor v. Centocor, Inc.*, 457 F.3d 632 (7th Cir. 2006)..........................................................6

*National Railroad Passenger Corporation v. Morgan*, 536 U.S. (2002) .........................................6

*Radue v. Kimberly-Clark Corp.*, 219 F.3d 612 (7th Cir. 2000).......................................................7

*Salas v. WI Dep't of Corrections*, 493 F.3d 913 (7th Cir. 2007) .....................................................2

*Stone v. Indianapolis Public Util. Div.*, 281 F.3d 640 (7th Cir. 2002) .............................................9

*Sylvester v. SOS Children's Vills., Ill., Inc.* 453 F.3d 900 (7th Cir. 2006) .......................................3

*Tomanovich v. City of Indianapolis*, 457 F.3d 656 (7th Cir. 2006).............................................3, 10

*Vore v. Indians Bell Telephone Co.*, 32 F.3d 1161 (7th Cir. 1994) ..................................................6

*Williams v. Waste Mgmt. of Ill.*, 362 F.3d 1021 (7th Cir. 2004).................................................3, 13

*Yindee v. CCH Inc.,* 458 F.3d 599 (7th Cir. 2006) .........................................................................9

**Statutes**

42 U.S.C. § 1981................................................................................................................*Passim*

**I.     INTRODUCTION**

"If the nonmoving party cannot muster sufficient evidence to make out a claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 333 (1986). "[W]e will not hesitate to affirm the grant of summary judgment where the plaintiff presents no indication of the defendant's motive or intent to support his or her position." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988).

**II.    SUMMARY OF THE ARGUMENT**

    **A.     Disparate Treatment.**

Mr. Leon has attempted to create genuine issues of material fact where there are none by relying on stale and time barred incidents (such as the alleged knife assault and shift transfer to second shift – both of which occurred undisputedly in 2004) and other incidents that do not rise to a material level, and then fails to establish any of the incidents were because of his race.

Instead of evidentiary proof of disparate treatment, Mr. Leon believes that the employment actions that he considers to be adverse occurred because of his race based on the fact that he happened to be the only African-American employee on his particular shift. That is not the law under Title VII and 42 U.S.C. § 1981. "Facts, not an employee's perceptions and feelings, are required to support a discrimination claim." *Koski v. Standex Int'l Corp.*, 307 F.3d 672, 677 (7th Cir. 2002).

In addition, Mr. Leon, as the Plaintiff, has the burden to establish that he suffered these alleged materially adverse employment actions because of his race by establishing that similarly

1

situated individuals not within his protected class received more favorable treatment.[1] *See Salas v. WI Dep't of Corrections*, 493 F.3d 913, 923-924 (7th Cir. 2007). Instead of addressing that critical element, Mr. Leon has completely skipped over it and simply asserted that others received more favorable treatment. In other words, Mr. Leon has not proffered any competent evidence into the record to establish that any individual that he believes was treated more favorably is similarly situated to him.

Mr. Leon attempts to disrupt the summary judgment process by claiming that another employee spoke out of turn at the meeting that occurred on the day prior to his termination and therefore, he has satisfied the similarly situated element. Mr. Leon has failed completely to establish the other individual who allegedly spoke out of turn was similarly situated to him. *See Burks v. WI Dep't of Trans.*, 464 F.3d 744, 751 (7th Cir. 2006) (holding that in order to show a coworker was similarly situated the Plaintiff must show that the other coworker had a "comparable set of failings."). "Identifying similarly situated employees is an essential piece of the prima facie case, and without this evidence . . . [Plaintiff's] claim must fail." *Kreischer v. Fox Hills Golf Resort and Conf.*, 384 F.3d 912, 916 (7th Cir. 2004). His claims fail on this argument alone.[2]

**B.   Retaliation.**

Mr. Leon also has no viable retaliation claim. He has no evidence that connects his speculative belief that Anne Louison at the corporate headquarters at Jacobson interacted with Mr. Marty Howard, the third person who engaged in the termination decision (along with Ms. Patty Eberle and Mr. Troy Adams) before the termination decision was made. *See Alexander v.*

---

[1] Mr. Leon did argue that he has direct method evidence and therefore is excused from this requirement. As discussed below, Mr. Leon's evidence does NOT paint a convincing mosaic, and he is relegated to the indirect method. *See Coffman v. Indianapolis Fire Dep't.*, 578 F.3d 559, 563 (7th Cir. 2009).

[2] Mr. Leon also failed to demonstrate pretext, which also creates an insurmountable legal hurdle for him.

*Wisconsin Department of Health and Family Services*, 263 F.3d 673, 688 (7th Cir. 2001). Further, Mr. Leon's complaint letters do not qualify as protected activity under the well-established law in the Seventh Circuit. *See Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663-664 (7th Cir. 2006).

Mr. Leon also failed to address Jacobson's argument on the lack of pretext. The pretext requirement was Mr. Leon's to bear, and he did not satisfy it. *See Argyropoulos v. City of Alton*, 539 F.3d 724, 736 n.6 (7th Cir. 2008). Therefore, Mr. Leon's retaliation claim fails on that argument as well.

### III. ARGUMENT

Defendant will explore the above arguments in further detail below as well as establish that Mr. Leon does not have an actionable harassment claim under Title VII because he did not administratively exhaust that claim,[3] and that claim under 42 U.S.C. § 1981 likewise fails because of numerous legal deficiencies. *See Williams v. Waste Mgmt. of Ill.*, 361 F.3d 1021, 1029 (7th Cir. 2004).

#### A. Mr. Leon Cannot Establish A Convincing Mosaic Under The Direct Method.

Under the direct method by use of circumstantial evidence, Mr. Leon can rely upon two general avenues if, and only if, the circumstantial evidence points directly to a discriminatory reason for Jacobson's actions. *See Sylvester v. SOS Children's Vills., Ill., Inc.*, 453 F.3d 900, 905 (7th Cir. 2006). The first one involves "ambiguous statements or behavior toward other employees in the protected group that taken together allow an inference of discriminatory intent. . . ." *Coffman v. Indianapolis Fire Dep't.*, 578 F.3d 559, 563 (7th Cir. 2009). The second avenue

---

[3] "A Title VII plaintiff may bring only those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of her charge and growing out of such allegations.'" *Geldon v. S. Milwaukee School Dist.*, 414 F.3d 817, 819 (7th Cir. 2005).

involves "evidence of systemically better treatment of employees outside the protected class. . . ." *Id.* Mr. Leon cannot satisfy either avenue.

Mr. Leon attempts to rely upon two incidents in which to establish his convincing mosaic under the first avenue.[4] The first incident is Mr. Leon's belief that he was assaulted by a manager with a knife. This incident occurred in 2004. (Defendant's Response to the Plaintiff's SMF ¶ 8). There was no assault; the manager pulled a knife a slammed it on the desk while having a discussion with Mr. Leon and Mr. Troy Adams. (*Id.*) When specifically asked what type of knife was slammed on the desk, Mr. Leon could not identify any characteristics of it. (*Id.*) When asked about the context of the knife incident, Mr. Leon stated the conversation was not related to the knife. (*Id.*)

The approximate three year gap between the alleged knife incident in 2004 and Mr. Leon's termination in 2007 prohibits any such evidence from being a convincing mosaic which would directly lead a fact-finder to the conclusion that race was a motivating factor in Mr. Leon's termination. *See Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 491 (7th Cir. 2007) (holding that a decision-maker's comment more than one year before the adverse employment action fails to constitute evidence under the direct method).

To summarize, the alleged knife incident occurred approximately three years prior to the termination, was not performed by a decision-maker, and had no connection to race. This alleged knife incident fails the requirements for establishing a viable claim under the direct method approach. *See Hemsworth*, 476 F.3d at 491.

In addition, Mr. Leon claims that in the same meeting in 2004 as the knife incident, that the manager told him that he is not an African-American, but rather an American. (Defendant's

---

[4] This first avenue requires evidence toward other individuals in Mr. Leon's protected category, which he failed to produce.

4

Response to the Plaintiff's SMF ¶ 9). Beyond the lack of timeliness issue mentioned above, that ambiguous comment by an individual who was not a decision-maker (*i.e.*, a stray remark) could not result in a convincing mosaic that points directly to a discriminatory reason for the adverse actions taken toward Mr. Leon. *See Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 491 (7th Cir. 2007) ("Isolated comments that are no more than 'stray remarks' in the workplace are insufficient to establish that a particular decision was motivated by discriminatory animus.").

Mr. Leon also argues that his transfer to second shift and his forklift parking requirement along with his aisle checking requirement satisfies the second avenue mentioned above. The transfer to second shift was approximately three years before his termination. (Defendant's Response to the Plaintiff's SMF ¶ 11). The other two issues are not materially adverse employment actions. Those alleged issues cannot establish a convincing mosaic of circumstantial evidence that points directly to race discrimination. *See Burks*, 464 F.3d at 750 n.3 (holding that the circumstantial evidence "must point directly to a discriminating reason for the employer's action.").

Mr. Leon's argument related direct method for establishing discrimination lacks merit. Summary judgment should be granted.

    **B.    Mr. Leon Cannot Establish A Prima Facie Case Of Discrimination Under The Indirect Method.**

        **1.    No materially adverse employment action.**

Mr. Leon argues that several activities were materially adverse employment actions, and that he can establish a prima facie case under the indirect method regarding those activities. Mr. Leon is incorrect.

Mr. Leon claims that his transfer from first shift to second shift was a material adverse employment action. It is well-established law in the Seventh Circuit that a change in an

5

employee's working hours is not an adverse employment action. *See Grube v. Lau Industries, Inc.*, 257 F.3d 723, 229, 730 (7th Cir. 2001) (holding that a transfer from first shift to second shift is not an adverse employment action).

Moreover, Mr. Leon's assertion is stale and time barred in that he transferred from the first shift to the second shift in 2004. *See National Railroad Passenger Corporation v. Morgan 536 U.S. 101 (2002)* (holding that Title VII requires a complaint be filed within 300 days of any discrete employment action).

An event that occurred in 2004 is not within 300 days of his November 16, 2007, Administrative Complaint. In addition, Mr. Leon's statute of limitation for the 42 U.S.C. § 1981 claim extends back only to August 5, 2006. *See Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 382 (2004). Thus, the event is time barred under both laws.

Mr. Leon also claims that the failure by Jacobson to alert his co-workers of his temporary lead position for a one week period of time was an adverse employment action. This argument has no merit. "[P]ersonality conflicts between employees are not the business of the federal courts [in a Title VII race discrimination case]." *Vore v. Indians Bell Telephone Co.*, 32 F.3d 1161, 1162 (7th Cir. 1994).

Mr. Leon also claims that his requirement to park his forklift in the aisle and have his aisle checked out by a supervisor prior to leaving work were also an adverse employment actions. As set forth in Jacobson's moving brief, this argument has no merit. *See Minor v. Centocor, Inc.*, 457 F.3d 632, 634 (7th Cir. 2006) (concluding that an adverse employment actions is "essential to distinguish between material differences and the many day-to-day travails and disappointments that, although frustrating, are not so central to the employment relation that they amount to discriminatory terms or conditions."); *Herrnreiter v. Chicago Housing Authority*,

6

315 F.3d 742, 745 (7th Cir. 2002) (stating that minor, subjective preferences do not "justify trundling out the heavy artillery of federal antidiscrimination law."). More importantly and as explained below, Mr. Leon has presented no evidence that the other employees that he claims were treated more favorably with respect to these issues were similarly situated. *See Kreischer*, 384 F.3d at 916.

### 2. No similarly situated element.

Mr. Leon's argument on this element is without merit. Specifically, the Plaintiff in an action for race discrimination under Title VII and 42 U.S.C. § 1981 has the burden of establishing the similarly situated requirement. *See Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 300 (7th Cir. 2004).

As part of that similarly situated analysis, a "court must look at all relevant factors, the number of which depends on the context of the case." *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617 (7th Cir. 2000). "[A] plaintiff must show that he is similarly situated with respect to performance, qualifications, and conduct." *Id.* "This normally entails a showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Id.* at 617-618. "A meaningful comparison is one which serves 'to eliminate confounding variables, such as differing roles, performance histories, or decision-making personnel, which helps isolate the critical independent variable: [the protected category].'" *Argyropoulos v. City of Alton*, 539 F.3d 724, 735 (7th Cir. 2008) (quoting *Humphries v. CBOCS W., Inc.* 474 F.3d 367, 405 (7th Cir. 2007)).

Instead of establishing that requirement, Mr. Leon's argument takes a detour around the requirement and inexplicitly attempts to shift the burden of this requirement onto Jacobson. For

7

example, in Mr. Leon's Response Brief, he argues: "Defendant has failed to proffer any evidence that others on Mr. Leon's shift, not in his protected class, were threatened with knives by their supervisors, were made to park separately, or were subject to additional supervision." *See* Response Brief, p. 7.

Mr. Leon continues to miss the point on the similarly situated requirement. For example, he again argues that "Defendant is unable to cite any paperwork in the record that shows that Mr. Leon was cited more frequently than any other workers on his shifts." Plaintiff's Memorandum of Law in Response to Defendant's Motion for Summary Judgment, p. 7. Mr. Leon has that burden, not Jacobson. *See Kreischer*, 384 F.3d at 916.

Mr. Leon makes a veiled attempt to establish that his co-workers had similar production issues as him and then cites to Exhibit 2 of his Statement of Material Facts. Mr. Leon's reliance on Exhibit 2 is misplaced for several reasons. First, Exhibit 2 is from December 2004 and August 2005. Mr. Leon is required to proffer evidence of similarly situated individuals at the time of his termination decision – not from two or three years prior to it. Second, he did not establish how the individuals on Exhibit 2 are similarly situated to him. Third, he did not proffer competent evidence from a Jacobson representative on how to interpret Exhibit 2. Fourth and most important, Mr. Leon was not terminated for his production issues in 2004 and 2005. He was terminated for his insubordinate and threatening behavior in May 2007 along with his insubordinate behavior in April 2007 and his past work record. Exhibit 2 is irrelevant and does not support his similarly situated requirement.

Because Mr. Leon has not proffered any evidence of similarly situated individuals outside of his protected category, including their identities and more importantly evidence establishing that they are similarly situated to Mr. Leon, his claim fails.

8

### 3. No pretext.

Mr. Leon's arguments related to pretext are underwhelming and fail. Essentially, Mr. Leon argues that Jacobson's failure to investigate his complaints sufficiently are an indication of pretext. Such an argument is unavailing. "Poor personnel management receives its comeuppance in the market rather than the courts." *Yindee v. CCH Inc.*, 458 F.3d 599, 602 (7th Cir. 2006). Mr. Leon did not establish pretext, and Jacobson is entitled to summary judgment as a result. *See Argyropoulos*, 539 F.3d at 736 n.6 (confirming that pretext is a necessary requirement under both the direct method and indirect method); *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1174 (7th Cir. 2002).

### C. Mr. Leon's Claim Of Retaliation Likewise Fails As A Matter Of Law.

Mr. Leon has elected to argue his retaliation claim under the direct method approach. Unfortunately, Mr. Leon cannot establish retaliation through the direct method like he has argued in his brief. Specifically, Mr. Leon lacks evidence of a protected activity and causation (explained more below).

It is well established in the Seventh Circuit that a claim of retaliation that fails to meet the direct method requirements has to work through the burden-shifting indirect method. *See Stone v. Indianapolis Public Util. Div.*, 281 F.3d 640 (7th Cir. 2002). Mr. Leon's motive for avoiding the burden-shifting methodology of the indirect method is a result of his knowledge that he cannot satisfy the similarly situated element of the prima facie case as set forth above in the disparate treatment section. In any event, Mr. Leon cannot establish retaliation under either theory.

### 1. No protected activity.

Mr. Leon is unable to establish that his complaint letters were protected activity. In *Tomanovich*, the Seventh Circuit made explicitly clear that allegations that were similar to the allegations in Mr. Leon's complaint letters did not qualify as protected activity for a claim of retaliation. *Tomanovich*, 457 F.3d at 663-64.

In *Tomanovich*, the Court addressed whether an internal complaint may qualify as protected activity.

> Although filing an official complaint with an employer may constitute statutorily protected activity under Title VII, the complaint must indicate the discrimination occurred because of sex, race, national origin, or some other protected class. *See Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1147 (7th Cir. 1997). **Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient.** *Id*.

*Id*. 663 (emphasis added).

### 2. No causal connection.

#### a. May 16, 2007, Complaint Letters

Mr. Leon also has not proffered evidence that would establish that Ms. Eberle, Mr. Adams, and Mr. Marty Howard (the undisputed three decision-makers) had knowledge of the May 16, 2007, complaint letters that Mr. Leon emailed and faxed to Ms. Anne Louison in the corporate office in Iowa. A critical piece of the causation link is knowledge of the protected activity by the actual decision-makers. *See Alexander v. Wisconsin Department of Health and Family Services*, 263 F.3d 673, 688 (7th Cir. 2001). Mr. Leon cannot establish a genuine issue of this material fact.

In *Alexander*, the plaintiff established that his employer received a complaint his filed with the Wisconsin Personnel Commission (undisputed protected activity) the day before he was

10

suspended. *Id.* The Seventh Circuit held that the timing was irrelevant and did not establish the causation element because the plaintiff failed to establish that the actual decision-makers had knowledge of his complaint (not just the employer in general) before his suspension. *See id.* Even if the May 16, 2007, Complaint letters were protected activity, Mr. Leon's argument meets the same fate as the plaintiff in *Alexander*.

### b. April 4, 2007, Complaint Letter

The April 4, 2007, Complaint letter from Mr. Leon (although not protected activity) was about six weeks before Mr. Leon's employment was terminated. That timing is insufficient to carry the causation element for Mr. Leon. *See Argyropoulos*, 539 F.3d at 734 (holding that a seven week period between protected activity and adverse action is insufficient as a matter of law to satisfy the causation element).

The burden under Title VII and 42 U.S.C. § 1981 is on Mr. Leon to establish that causal link between his alleged protected activity and the decision-makers. *See Alexander*, 263 F.3d at 688. He failed to do so.

### 3. No pretext.

A plaintiff proceeding under the direct method of proving retaliation still must establish pretext in order to avoid summary judgment. *See Argyropoulos*, 539 F.3d at 736 n.6 (holding that pretext is a necessary requirement under the direct method: "an employee's failure to cast doubt on an employer's nonretaliatory explanation will also doom a retaliation claim under the direct method.").

Mr. Leon failed to establish (or even argue) the reasons for Jacobson terminating his employment were a lie to conceal its retaliatory reasons. *See Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1174 (7th Cir. 2002) ("To prove unlawful discrimination at this stage, the plaintiff must

demonstrate [. . .] that the reason proffered by the employer was mere pretext, an explanation designed to obscure the unlawful discriminatory employment action."). In fact, Mr. Leon did not address this issue, and therefore has waived such an argument. *See Bonte v. U.S. Bank, NA*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the … [Plaintiffs] have done here—results in waiver."). As such, Mr. Leon's claim of retaliation fails for the lack of pretext as well.

### D. Mr. Leon Has No Actionable Harassment Claim.

Mr. Leon's claim of harassment fails for numerous reasons. First, Mr. Leon did not administratively exhaust his allegation through the Equal Employment Opportunity Commission. As such, his Title VII claim of harassment fails. *See Geldon*, 414 F.3d at 819.

With respect to his 42 U.S.C. §1981 claim, he filed his claim in this Court on August 5, 2010. The statute of limitations is four years and extends back to August 5, 2006. *See Jones*, 541 U.S. at 382. Any allegation before then is time barred.

Mr. Leon contends the following six incidents qualify as harassment: (1) parking his forklift at the end of his aisle; (2) the 2004 knife incident; (3) the 2004 comment about being an American; (4) having his aisle checked by a supervisor; (5) believing his co-workers were not informed of his one week temporary lead person status; and (6) his transfer from day shift to night shift in 2004.

Mr. Leon later argued that he was subjected to disparaging remarks through graffiti on the bathroom wall. The allegation of graffiti is misleading. There was no racial component to this allegation. (Defendant's Response to the Plaintiff's SMF ¶ 6). Moreover, the graffiti incident occurred in 2004. Mr. Leon's allegations do not add up to actionable unlawful harassment because of race.

The second, third, and sixth allegation are untimely. More importantly, the allegations that Mr. Leon set forth are without legal merit. Mr. Leon has no basis to claim that any of them were severe or pervasive so as to alter the working conditions or by creating a hostile or abusive situation; that the allegations above were because of race; and that the allegations above were objectively offensive. *See Williams v. Waste Management of Ill., Inc.*, 362 F.3d 1021, 1029 (7th Cir. 2004); *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998).

Mr. Leon's arguments on this claim are analogous to the arguments offered by the plaintiff in *Herron v. DaimlerChrysler Corp.*, 388 F.3d 293 (7th Cir. 2004). In *Herron*, the plaintiff attempted to reuse his allegations under his disparate treatment and retaliation claims in his hostile work environment claim. *Id.* at 302 ("Herron builds his hostile work environment claim largely on the same allegations that powered his racial discrimination and retaliation claims."). The *Herron* court dismissed this line of argument because the plaintiff's allegations involved no racial component at all. *Id.* at 303.

> . . . [The plaintiff] does not show any connection between these occurrences and his race. His problems were not related to his race – they were related to him. The fact that he is a member of a protected class does not transform them. This alone dooms his racial harassment claim.

*Id.*

As in *Herron*, Mr. Leon's arguments appear to be along the lines of "I am an African-American and these events happened to me" and therefore, the event must be because of my race. This line of argument is legally flawed. Mr. Leon has not established the allegations were because of his race (as opposed to being because of him) along with the other deficiencies noted above. Mr. Leon's argument is legally deficient and contrary to well-established precedent. *See Herron*, 388 F.3d at 303.

13

**IV. CONCLUSION**

Mr. Leon's claims fail as a matter of law. He has presented no evidence of similarly situated individuals. All of his alleged adverse employment actions other than his termination are not material. He has presented no evidence that he engaged in protected activity, and his causation evidence is lacking. He has presented no evidence of pretext with respect to both his disparate treatment and retaliation claims. His harassment allegations fail on multiple levels especially given that he presented no evidence beyond his speculative and faulty syllogism that it happened to him and he is an African American and therefore it happened because of race. Summary judgment on all claims should be granted.

Dated this 27th day of February, 2012.

               KRUKOWSKI & COSTELLO, S.C.

            By:  s/ Brian M. Radloff
              Timothy G. Costello
              *Bar No. 90785890*
              Brian M. Radloff
              *Bar No. 1035980*
              1243 N. 10th St., Suite 250
              Milwaukee, WI 53205
              Telephone: (414) 988-8400
              Facsimile: (414) 988-8402
              E-Mail: tgc@kclegal.com
              E-Mail: bmr@kclegal.com

              and

              LOCAL COUNSEL
              Attorney Jacob H. Karaca
              *Bar No. 6280319*
              KLEIN THORPE and JENKINS, LTD.
              20 N. Wacker Drive, Suite 1660
              Chicago, IL 60606
              Telephone: 312-984-6400
              Email: jhkaraca@ktjnet.com

ATTORNEYS FOR DEFENDANT,
JACOBSON WAREHOUSE COMPANY,
INC., incorrectly identified as
JACOBSON TRANSPORTATION
COMPANY INC.

142142/2001027-16

15